IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ORNDORFF CONSTRUCTION, INC. | ) | Case No. 06-11340 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| GERALD S. SCHAFER, TRUSTEE | ) | Adversary Proceeding |
| | ) | No. 07-02048 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLINA KITCHEN AND | ) | |
| BATH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This adversary proceeding came on before the Court on April 14, 2008, for hearing on cross motions for summary judgment. At the hearing, Billy Edwards represented Carolina Kitchen and Bath, Inc. ("Carolina Kitchen"), and J. Marshall Shelton represented the Chapter 7 trustee herein, Gerald S. Schafer (the "Trustee").

Carolina Kitchen performed work prepetition on real property in Guilford County, North Carolina, owned by the above-referenced debtor (the "Debtor"). When the Debtor failed to pay, Carolina Kitchen filed a claim for a materialman's lien in the Guilford County Register of Deeds pursuant to Chapter 44A of the North Carolina General Statutes. Under North Carolina law, an action to enforce a materialman's lien must be filed within 180 days after the last furnishing of labor or materials, or the lien is discharged. If the owner of the real property has filed

1

bankruptcy, then North Carolina law also provides that the requirement for the commencement of an enforcement action may be satisfied by the filing of a proof of claim and the filing of a notice of lis pendens within the 180-day period.  Carolina Kitchen did not file an enforcement action or a notice of lis pendens.  Instead, 182 days after it last furnished labor or materials to the Debtor's property, Carolina Kitchen filed a proof of claim in the Debtor's bankruptcy.

After a Court-approved sale of the subject real property, the Trustee filed this adversary proceeding to avoid the lien claimed by Carolina Kitchen.  The question presented is whether the Claim of Lien meets the requirements of N.C. Gen. Stat. § 44A-13 and Section 546(b) of the Bankruptcy Code, which allows a creditor to perfect, or to maintain the perfection of, a security interest in property after a debtor files for bankruptcy.  If so, then the Claim of Lien is valid and enforceable.  If not, then the Claim of Lien is discharged.  For the reasons stated below, the Court finds that Carolina Kitchen failed to meet the requirements of N.C. Gen. Stat. § 44A-13(a) and that the lien lapsed 181 days after Carolina Kitchen last furnished labor or materials to the Debtor's property.  The Court will grant summary judgment for the Trustee and deny summary judgment for Carolina Kitchen.

## I. JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(a) and (k), which this Court may hear and determine.

## II. FACTS

2

The facts are not disputed.  On September 26, 2007, the Trustee filed a complaint challenging the validity of the lien of Carolina Kitchen on certain real property owned by the Debtor located at 5910 Crutchfield Farm Road, Guilford County, Oak Ridge, North Carolina (the "Property").  The claimed lien grew out of work that the Debtor contracted with Carolina Kitchen to perform on the Property.  The invoice for the work performed was $14,856.96.  The last day that Carolina Kitchen performed work or delivered materials to the Property was August 16, 2006.

The Debtor failed to pay Carolina Kitchen for the work performed, so on October 12, 2006, Carolina Kitchen filed a Notice of Claim of Lien (the "Claim of Lien") with the Guilford County Register of Deeds.  On November 3, 2006, the Debtor filed its Chapter 7 bankruptcy, and the Trustee was appointed.  On February 14, 2007, Carolina Kitchen filed a proof of claim in the Debtor's bankruptcy in the amount of $14,856.00 (the "Proof of Claim").  The Proof of Claim was filed 182 days after Carolina Kitchen last performed work or delivered materials to the Property.  Carolina Kitchen did not file a notice of lis pendens, nor did it seek relief from stay to commence a lawsuit against the Debtor in state court.

### III. STANDARD FOR SUMMARY JUDGMENT

The standard for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which is made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure.  Rule 56 provides that the moving party will prevail on a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  See

3

also Celotex Corn. v. Catrett, 477 U.S. 317 (1986); Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970). In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Shaw v. Stroud, 13 F.2d 791, 798 (4th Cir.), cert. denied, 115 S.Ct. 67 (1994). The parties agree that there are no genuine issues of material fact.

IV. DISCUSSION

The decision of this case involves an analysis of several sections of the Bankruptcy Code, including Section 362 (Automatic Stay), Section 546 (Limitation on Avoiding Powers), and Section 108 (Extension of Time). These sections must be analyzed and read together, along with applicable provisions of North Carolina law, to reach the correct result.

A. Applicable Provisions of the Bankruptcy Code

A bankruptcy petition "operates as a stay . . . of . . . any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). An action to enforce a materialman's lien is clearly stayed by this section. In re Baldwin Builders, 232 B.R. 406, 412-13 (B.A.P. 9th Cir. 1999); In re Concrete Structures, Inc., 261 B.R. 627, 637 (E.D. Va. 2001); In re Cook, 384 B.R. 282, 288-89 (Bankr. N.D. Ala. 2008); In re WorldCom, Inc., 362 B.R. 96, 105, 108 (Bankr. S.D.N.Y. 2007); In re Premier Hotel Development Group, 270 B.R. 234, 242 (Bankr. E.D. Tenn. 2001); In re Richardson Builders, Inc., 123 B.R. 736, 738 (Bankr. W.D. Va. 1990).

Exceptions to the applicability of the automatic stay are found in Section 362(b), including an exception for the post-petition perfection of an interest in property to the extent allowed by Section 546(b). Pursuant to Section 362(b)(3), a bankruptcy petition "does not

4

operate as a stay . . . of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546 (b)." An action to perfect a materialman's lien is excepted from the automatic stay by Section 362(b)(3). Richardson Builders, 123 B.R. at 738; Victoria Grain Co. of Minneapolis v. Janesville Elevator Construction, Inc. (In re Victoria Grain Co. of Minneapolis), 45 B.R. 2, 6 (Bankr. Minn. 1984).

Section 544 gives a bankruptcy trustee the powers of a judicial lien creditor as of the date of the filing of the case, with the power to avoid liens that are not perfected or are improperly perfected. 11 U.S.C. § 544(a)(1). Section 545 gives the bankruptcy trustee the power to avoid the fixing of certain statutory liens on property of the debtor. 11 U.S.C. § 545. But Section 546 (b)(1) and (2) limit the trustee's ability to avoid liens pursuant to Sections 544 and 545. Section 546(b)(1)(B) provides that "[t]he rights and powers of a trustee under §§ 544, 545 and 549 of this Title are subject to any generally applicable law that provides for the maintenance or continuance of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date in which action is taken to effect such maintenance and continuation." Chapter 44A of the North Carolina General Statutes is such a statute. See Cook, 384 B.R. at 288 (state mechanics' lien law is "generally applicable law" within the meaning of § 546(b)). Finally, Section 546(b)(2) provides:

> If (A) a law described in paragraph (1) requires seizure of such property or commencement of an action to accomplish such perfection, or maintenance or continuation of perfection of an interest in property; and (B) such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected, or perfection of such interest shall be maintained or continued, by giving notice within the time fixed by such law for such seizure or such commencement.

5

11 U.S.C. § 546(b)(2). Thus, Sections 362(b)(3) and 546(b) allow a creditor to file a notice post-petition to perfect, or to continue or maintain the perfection of, a security interest. Baldwin Builders, 232 B.R. at 411.

The purpose of Section 546(b) is to protect those creditors whom state law protects by allowing them to perfect their prepetition liens through post-petition notice that relates back to the date of recording. In re 360 Networks (USA) Inc., 282 B.R. 756, 762 (Bankr. S.D.N.Y. 2001); 5 Collier on Bankruptcy ¶ 546.03[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2007). The Bankruptcy Reform Act of 1994[1] expanded the scope of Section 546(b) to include an act to maintain or continue perfection of a security interest.[2] WorldCom, 362 B.R. at 104 (citing Concrete Structures, 261 B.R. at 637). This amendment was meant to include acts to continue or maintain the perfection of security interests that would otherwise lapse post-petition, such as a mechanic's lien, a materialman's lien, or a purchase money security interest. WorldCom, 362 B.R. at 106 & n.15; In re Bradshaw, No. 06-11111, slip op. at 7 (Bankr. M.D.N.C. Feb. 16, 2007) (2007 WL 542161).

B. The North Carolina Materialman's Lien Statute

The validity and perfection of security interests in bankruptcy are governed by state law. Buckner v. United States, 440 U.S. 48, 54 (1979). Pursuant to N.C. Gen. Stat. § 44A-10, a timely-filed claim of lien relates back to the first time that labor and materials were furnished by the lien claimant to the construction site. See Equitable Life Assur. of United States v. Basnight,

---

[1] P.L. 103-94, 108 Stat. 4106 (1994).

[2] The section had previously allowed only an act to perfect a security interest. 11 U.S.C. § 546(b) (1978).

6

234 N.C. 347, 350, 67 S.E.2d 390, 393 (1951). N.C. Gen. Stat. § 44A-11 provides: "A claim of lien on real property granted by this Article shall be perfected as of the time provided in G.S. 44A-10 upon the filing of the claim of lien on real property under G.S. 44A-12 and may be enforced pursuant to G.S. 44A-13." Pursuant to N.C. Gen. Stat. § 44A-12(b), claims of lien on real property must be filed within 120 days after the last furnishing of labor or materials by the lien claimant to the job site. N.C. Gen. Stat. § 44A-13 provides:

> (a) When and Where Action Commenced. An action to enforce a claim of lien on real property may be commenced in any county where venue is otherwise proper. No such action may be commenced later than 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the claim of lien on real property. If the title to the real property against which the claim of lien on real property is asserted is by law vested in a receiver or is subject to the control of the bankruptcy court, the claim of lien on real property shall be enforced in accordance with the orders of the court having jurisdiction over said real property. The filing of a proof of claim with a receiver or in bankruptcy and the filing of a notice of lis pendens in each county where the real property subject to the claim of lien on real property is located within the time required by this section satisfies the requirement for the commencement of a civil action.
> . . .
> (c) Notice of Action. In order for the sale under G.S. 44A-14(a) to pass all title and interest of the owner to the purchaser good against all claims or interests recorded, filed or arising after the first furnishing of labor or materials at the site of the improvement by the person claiming the claim of lien on real property, a notice of lis pendens shall be filed in each county in which the real property subject to the claim of lien on real property is located except the county in which the action is commenced. The notice of lis pendens shall be filed within the time provided in subsection (a) of this section for the commencement of the action by the lien claimant. If neither an action nor a notice of lis pendens is filed in accordance with this section, the judgment entered in the action enforcing the claim of lien on real property shall not direct a sale of the real property subject to the claim of lien on real property enforced thereby nor be entitled to any priority under the provisions of G.S. 44A-14(a), but shall be entitled only to those priorities accorded by law to money judgments.

Finally, N.C. Gen. Stat. § 44A-16(3) provides that a claim of lien is "discharged" by, inter alia, the "failure to enforce the claim of lien on real property within the time prescribed in this

7

Article."

Carolina Kitchen argues that the filing of an action pursuant to N.C. Gen. Stat. § 44A-13(a) is unrelated to the perfection of its lien, only to the enforcement of it, so Section 362(b)(3) and Section 546(b)(2) are not controlling. Because the filing of an action is only to enforce the perfected lien, such an action is stayed by Section 362(a)(4). Furthermore, Carolina Kitchen argues, the continuation of the perfection of the lien while the enforcement action proceeds is only an ancillary result of the requirement that the action be filed within 180 days of the last furnishing of labor or materials. N.C. Gen. Stat. § 44A-13(a) states that the action is "to enforce a claim of lien." Because Section 362(a)(4) stays the filing of the enforcement action, Section 108(c) tolls the period in which it must be filed, and the period has not expired.

The Trustee argues that Section 362(a)(4) does not prevent Carolina Kitchen from providing notice pursuant to Section 546(b)(2) to maintain or continue perfection of its lien. The filing of an action pursuant to N.C. Gen. Stat. § 44A-13(a) is part of the perfection process because the priority of the lien is lost if such an action is not timely filed. In such circumstances, the Trustee argues, Sections 362(b)(3) and 546(b)(2) require Carolina Kitchen to give timely notice in the bankruptcy and file a notice of lis pendens pursuant to North Carolina law in lieu of the filing of an enforcement action in state court. Since Carolina Kitchen failed to give timely notice or file a notice of lis pendens, perfection was lost, and the lien lapsed 181 days after Carolina Kitchen last performed work or delivered materials to the Property.

C. Providing Notice Instead of Filing a Lawsuit

Sections 363(b)(3) and 546(b) require, if the commencement of an action is required to maintain or continue the perfection of a statutory lien, and if relief from stay to file the action is

8

not granted, that notice be given instead; this directive is mandatory,[3] not optional as Carolina Kitchen asserts.  "There is ample precedent for the proposition that where the filing of an enforcement action is required to preserve a lien under State law, § 546(b) allows, and indeed compels, creditors to give notice to a debtor instead of filing suit."  360 Networks, 282 B.R. at 763 (citing Baldwin Builders, 232 B.R. at 412; In re Coated Sales, 147 B.R. 842, 845-846 (S.D.N.Y. 1992); In re Rincon Island Ltd. Partnership, 253 B.R. 880, 884 (Bankr. C.D. Cal. 2000)).  "[T]he requirement imposed on the lienholder by section 546(b) as amended—the timely giving of a notice in lieu of filing an action to continue the perfection of a lien—uses the mandatory word 'shall,' suggesting that the notice is not simply an optional alternative that the lienholder can employ to maintain the perfection of its lien."  WorldCom, 362 B.R. at n.33 (quoting James N. Duca, Mechanics Lien Claims in Bankruptcy A Fresh Look at Mechanics Lien Law and the Bankruptcy Code, American Bankruptcy Institute, Tenth Annual Southwest Bankruptcy Conference 091202 ABI-CLE 63, § A (2002)); see Cook, 384 B.R. at n.10 (quoting WorldCom, 362 B.R. at n.33).

     Under North Carolina law, the commencement of an action by a materialman pursuant to N.C. Gen. Stat. § 44A-13 accomplishes two objectives.  First, it continues the perfection of the lien, which will be "discharged" unless such an action is timely filed.  N.C. Gen. Stat. § 44A-16.  Under North Carolina law, in the absence of bankruptcy, the statutory lien may be preserved only when such an action is timely filed.  Id.  Second, the commencement of the action enforces the lien by providing a mechanism for collecting the debt secured by the lien.  In the event that

---

[3]The statute uses the word "shall."  11 U.S.C. § 546(b)(2)(B) ("[S]uch interest in such property shall be perfected . . . by giving notice within the time fixed by such law for . . . such commencement.") (emphasis added).

9

the owner of the real property has filed bankruptcy, Section 546(b) compels the materialman to give notice instead of filing the action. See Cook, 384 B.R. at 290-91 ("Although it appears the statute of limitations for perfection has now expired, if Welch believes there are additional steps needed to complete the perfection, maintenance or continuation of his lien, Section 362(b)(3) allows him to take those steps without stay relief. If one of those steps is commencement of an action, giving sufficient notice is the required substitute under Section 546(b)(2) where such action is for both the perfection and enforcement of the lien, as it is under Alabama law."). Section 546(b) offers no other way to preserve the lien of the materialman. Because the commencement of an enforcement action is required in order to preserve the lien under North Carolina law and because Section 362(a)(4) prevents the filing of such an action, Section 546(b) allows and compels the materialman to give notice instead of filing the action[4] and thereby preserve the lien.[5]

D. When Must Notice Be Given?

Section 546(b)(2)(B) requires that the materialman give "notice within the time fixed by such law for . . . such commencement." 11 U.S.C. § 546(b)(2)(B). The term "such law" in subsection (B) of Section 546(b)(2) refers to "any generally applicable law that provides for the maintenance or continuance of perfection of an interest in property to be effective against an

---

[4]In the alternative, a materialman could obtain relief from the automatic stay and file an enforcement action within the 180-day period. This Carolina Kitchen did not do.

[5]Although federal law controls the outcome of this issue, specifically Section 546(b)(2), the result is consistent with North Carolina law, which allows the materialman, when the owner of the real property has filed bankruptcy, to satisfy the requirement of filing an action by "filing a proof of claim with a receiver or in bankruptcy and the filing of a notice of lis pendens in each county where the real property subject to the claim of lien on real property is located within the time required by this section." N.C. Gen. Stat. § 44A-13(a).

10

entity that acquires rights in such property before the date in which action is taken to effect such maintenance and continuation" in Section 546(b)(1)(B). N.C. Gen. Stat. § 44A-13(a) is such a law. The term "such commencement" in subsection (B) of Section 546(b)(2) refers to "commencement of an action to accomplish such perfection, or maintenance or continuation of perfection of an interest in property" in subsection (A). An action filed pursuant to N.C. Gen. Stat. § 44A-13(a) is an action to maintain or continue the perfection of a materialman's interest in real property, so it is clearly within the purview of Section 546(b)(2). Thus, in North Carolina, "notice" pursuant to Section 546(b)(2)(B) must be given by a materialman within the time specified by N.C. Gen. Stat. § 44A-13(a), which is "180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the claim of lien on real property." See Edmund T. Urban, North Carolina Real Property Mechanics' Liens, Future Advances, and Equity Lines § 6:11 (2007) ("Since 11 U.S.C.A. § 546(b)(2) refers to notice being given within the time fixed by 'such law' for 'such commencement,' it would seem that the 180-day claim of lien enforcement period in G. S. 44A-13(a) must be strictly observed regardless of any difficulties by virtue of the requirements of the Bankruptcy Code and Bankruptcy Rules.") (hereinafter "Urban, NC Real Property Mechanics' Liens").

Since Carolina Kitchen filed its proof of claim 182 days after it last furnished labor or materials to the Debtor's property, "notice" pursuant to Section 546(b)(2) was untimely. See Baldwin Builders, 232 B.R. at 415; Premier Hotel, 270 B.R. at 242. Having reached this conclusion, the Court does not need to reach the issue of whether the filing of a proof of claim is

11

sufficient to constitute notice under Section 546(b)(2),[6] nor the issue of whether Carolina Kitchen was also required to file a notice of lis pendens, as required by N.C. Gen. Stat. § 44A-13(a), in order to satisfy the notice requirement of Section 546(b)(2).[7]

E. Tolling

Carolina Kitchen argues that N.C. Gen. Stat. § 44A-13(a) requires an action "to enforce a claim of lien," which is stayed by Section 362(a)(4), so Section 108(c) tolls the period in which it must be filed. Since the period has not expired, and Carolina Kitchen may still file an action to enforce the claim of lien when it does expire, Carolina Kitchen argues that the Trustee cannot

---

[6] The "notice" required by Section 546(b)(2)(B) is not defined. Baldwin Builders, 232 B.R. at 413 ("The Code does not specify what the notice must contain or to whom it should be given, nor that the notice must be filed in the bankruptcy court."). Courts generally hold that the creditor must take some affirmative action to comply with the notice requirement. Id. at 413-14 (collected cases). Most courts hold that notice under Section 546(b)(2)(B) requires that something be filed in the bankruptcy court. Id. at 413. There is a split of authority concerning whether the filing a proof of claim with the bankruptcy court constitutes such notice. Compare Baldwin Builders, 232 B.R. at 414 (filing proof of claim in bankruptcy court was not notice); WorldCom, 362 B.R. at 117 (same) with In re Coated Sales, Inc., 147 B.R. 842, 846 (S.D.N.Y. 1992) (notice was provided by filing proof of claim in bankruptcy court); In re Sampson, 57 B.R. 304, 309 (Bankr. E.D. Tenn. 1986) (same).

[7] North Carolina law is not controlling on the issue of what constitutes notice under Section 546(b)(2). Whether a materialman must file a notice of lis pendens in order to satisfy all of the elements of a future Chapter 44A enforcement action is another issue. See All Points Capital Corp. V. Laurel Hill Paper Company (In re Laurel Hill Paper Company), No. 07-2040, slip op. at 57 (Bankr. M.D.N.C. July 22, 2008) ("Under the alternative provided by [N.C. Gen. Stat. § 44A-13(a)], a claimant may satisfy the requirement of commencing a civil action by filing a proof of claim in the bankruptcy court and by filing a notice of lis pendens in each county in which the real property is located within the time required under N.C. Gen. Stat. § 44A-13(a), i.e., within 180 days after the claimant's last furnishing of labor or materials.") (emphasis in original); see also Urban, NC Real Property Mechanics' Liens § 6:11 ("In addition, G. S. 44A-13(c) . . . imposes certain lis pendens requirements. If a claim of lien can be enforced by 'notice' under 11 U.S.C.A. § 546(b)(2), it would be wise to also record a notice of lis pendens under G. S. 44A-13(c) since such a filing should not be interpreted to be an act to enforce the claim of lien prohibited by 11 U.S.C.A. § 362(a)(4), but instead, is merely record notice of an act properly conducted under 11 U.S.C.A. § 546(b)(2).").

12

Case 07-02048    Doc 18    Filed 08/25/08    Page 12 of 16

use his powers under Section 544(a)(1) to avoid its lien. Section 108(c) provides:

> (c) Except as provided in § 524. . . , if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under § 1201 or 1301, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under § 362, 922, 1201, or 1301 . . . , as the case may be, with respect to such claim.

11 U.S.C. § 108(c).

The leading case in support of Carolina Kitchen's position is Miner Corp. v. Hunters Run Limited Partnership (In re Hunters Run Limited Partnership), 875 F.2d 1425 (9th Cir. 1989). In Hunters Run, the Ninth Circuit ruled that the mechanic's lienholder perfected its lien before the debtor's bankruptcy, so any action filed post-petition pursuant to Washington state law would be an action to enforce the lien, not to perfect it. Id. at 1428. As such, the action was stayed by Section 362(a), and Section 108(c) applied to toll the period of time in which the mechanic's lienholder could file the enforcement action under Washington law. Id.

Carolina Kitchen argues that the analysis applied in Hunters Run has gained widespread acceptance. See Valley Transit Mix of Ruidoso, Inc. v. Miller, 928 F.2d 354, 355 (10th Cir. 1991) ("On appeal, neither [party] disputes that when a claim to foreclose a mechanics lien falls within the scope of the automatic stay, the enforcement period governing the claim is tolled by section 108(c)."); 2 Collier on Bankruptcy ¶ 108.04 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2007) ("Courts generally have held that [§ 108(c)] does apply to time periods within which a creditor must bring an action to enforce a lien before the lien expires.").

The Trustee counters that Hunters Run was decided in 1989, which was prior to the 1994

13

amendments to Section 546(b) that expanded the section to include the "maintenance or continuation" of perfection. Baldwin Builders, 232 B.R. at 411. However, the Baldwin Builders court found that to the extent that the filing of an action was more than the maintenance or continuation of a lien, it constituted enforcement and was stayed by Section 362(a)(4), so the time period for commencement of the action was tolled by Section 108(c). Id. at 412-13. An action pursuant to N.C. Gen. Stat. § 44A-13(a) is an action "designed to enforce the lien by the sale of whatever interest the person who caused the building to be erected or repaired had in the land improved by the labor or materials of the contractor at the time the lien attached." Equitable Life v. Basnight, 234 N.C. at 352, 67 S.E.2d at 395. It follows that such an action is stayed pursuant to Section 362(a)(4). Carolina Kitchen argues that because Section 362(a)(4) stays the commencement of the action to enforce the lien, Section 108(c) provides an extension of time to commence the action. Concrete Structures, 261 B.R. at 642; 360 Networks, 282 B.R. at 763; Florline Corp. v. Wheeler (In re Florline Corp.), 190 B.R. 342, 345-46 (Bankr. S.D. Ind. 1996).

The Trustee argues that the deadline to file the enforcement action is not tolled if Section 546(b)(2) applies. See WorldCom, 362 B.R. at n.33 ("[I]t appears to the Court that if sections 362(b)(3) and 546(b)(2) were applicable, section 108(c) would not have tolled the Statute of Limitations."). Even if the Trustee is incorrect, there are two flaws in the argument of Carolina Kitchen, either one of which is fatal to its position. The first flaw is that Section 546(b) only preserves the liens of creditors who provide notice pursuant to that section, 360 Networks, 282 B.R. at 763, and Carolina Kitchen did not provide such notice, as explained above, so its lien lapsed. Since the lien of Carolina Kitchen has lapsed, there is no lien to preserve in a subsequent

14

enforcement action. The fact that Section 108(c) would toll the time for filing such an action to enforce the lien is inapposite. If there is no lien, then enforcement is immaterial.

The second flaw involves the holding of the North Carolina Supreme Court that the commencement of an enforcement action within the 180-day period provided by N.C. Gen. Stat. § 44A-13(a) is an element of the cause of action. RDC, Inc. V. Brookleigh Builders, Inc., 309 N.C. 182, 185, 305 S.E.2d 722, 724 (1983) ("The 180-day period is not a statute of limitations but an element of the cause of action. It is not tolled by the bankruptcy proceeding."). Since Carolina Kitchen failed to commence an enforcement action or give notice within the 180-day period, its lien lapsed, and Carolina Kitchen will not be able to state a claim for relief under N.C. Gen. Stat. § 44A-13(a) in any future enforcement action.

## V. CONCLUSION

North Carolina law requires the timely commencement of an enforcement action in order to preserve a materialman's lien. Since Section 362(a)(4) prevents the filing of such an action, unless the materialman obtains relief from the automatic stay to file the action, Sections 362(b)(3) and 546(b) compel the materialman to give timely notice to preserve his statutory lien. Carolina Kitchen failed to comply with the requirements of Section 546(b)(2) and N.C. Gen. Stat. § 44A-13(a), so its lien lapsed 181 days after Carolina Kitchen last furnished labor or materials to the Debtor's property. Pursuant to Section 544(a)(1), the lien of Carolina Kitchen will be avoided. The Court will grant summary judgment for the Trustee and deny summary judgment for Carolina Kitchen.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.